25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James CHARLES (93-6427) and Beatrice Charles (93-6428),
Defendants-Appellants.
 Nos. 93-6427, 93-6428.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1994.
 
 Before: SUHRHEINRICH and BATCHELDER, Circuit Judges; RUBIN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendants James Charles and his wife Beatrice Charles appeal the district court's two-level enhancement pursuant to U.S.S.G. Sec. 2D1.1(b)(1), for possession of a dangerous weapon following their guilty pleas of conspiracy to possess and distribute marijuana and cocaine in violation of 21 U.S.C. Sec. 846. We AFFIRM.
 
 I.
 
 2
 On March 18, 1993, defendants were indicted for various drug-related offenses. The indictment also sought forfeiture of various items of real and personal property allegedly used to commit or facilitate the commission of drug offenses.
 
 
 3
 On July 12, 1993, defendants entered pleas of guilty in conformance with plea agreements. James also consented to an "Agreed Judgment of Monetary Amount in Lieu of Forfeiture." He stipulated that on January 17, 1992 and February 16, 1993, he possessed cocaine and marijuana at his residence with the intent to distribute the drugs; and that on January 17, 1993, he had three firearms in his residence. Beatrice entered into a similar plea agreement and stipulation of facts but made no admissions concerning firearms.
 
 
 4
 James Charles objected to Paragraph 43 of the presentence report that reads as follows:
 
 
 5
 43. Specific Offense Characteristic: When a dangerous weapon including a firearm was possessed, increase by two levels. In this instance, firearms were found throughout both residences of Beatrice and James Charles, including a firearm found in close proximity to the cash drawer associated with the drug trafficking of (sic) the Stopover residence. As firearms were possessed, a 2-point increase appears to be applicable pursuant to U.S.S.G. 2D1.1(b)(1).
 
 
 6
 The objection protested the rationale for the increase, not the finding that weapons were present. Counsel argued that because James was not present in the house at the time of the search, his possession was at most constructive. Additionally, there was no evidence showing Charles possessed the gun during a drug transaction; thus, the defense concluded enhancement was inapplicable.
 
 
 7
 Beatrice also filed objections to the presentence report regarding the weapons enhancement, claiming she "did not have possession of [the gun], nor was there any evidence that it was used in any way to perpetrate the violations of Federal statutes...."
 
 
 8
 At sentencing the government presented a photograph taken during a 1991 search of the defendants' residence that showed a firearm in the defendants' kitchen in direct proximity to a set of triple-beam scales and controlled substances. Beatrice acknowledged that the photograph was of her residence. The court, noting the proximity of the firearm to the drawer full of cash, the triple-beam scales and the baggies, found it highly "reasonable and foreseeable" that the gun's purpose was protection of the money or the drugs. The court therefore determined that the enhancement was appropriate.
 
 II.
 
 9
 To find the guideline applicable, the government must show "(1) that the defendant 'possessed' the weapon, and (2) that such possession was during the commission of the offense." United States v. Sanchez, 928 F.2d 1450, 1460 (6th Cir.1991). Once the government shows that a defendant possessed a weapon during the commission of the offense, a presumption arises that the possession was connected to the offense. United States v. Moreno, 899 F.2d 465 (6th Cir.1990), cert. denied, 112 S.Ct. 1504 (1992). Application Note 3 of U.S.S.G. Sec. 2D1.1(b)(1) states that the "enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons." The adjustment should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. Sec. 2D1.1(b)(1), comment (n. 3).
 
 
 10
 Here, the defendants dispute the specific findings of fact made by the district court (clear error standard) and challenge the legal significance of the facts (de novo standard). Sanchez, 928 F.2d at 1458; 18 U.S.C. Sec. 3742(e). James stated at sentencing that he used the handgun for protection of proceeds from the sale of cattle. He also argues that the government presented no evidence as to the operability of the gun.
 
 
 11
 The lack of a finding regarding the operability of the gun is insignificant; the gun does not have to be in working condition because the mere display of the gun satisfies the enhancement provision. United States v. Burke, 888 F.2d 862, 869 (D.C.Cir.1989). James' assertion that he used the gun to protect his cattle proceeds is insufficient to show the improbability of the connection of the gun to the drugs and drug proceeds. See United States v. McGhee, 882 F.2d 1095, 1100 (6th Cir.1989) (holding that defendant's contention that he was an antique gun collector did not render connection of guns to drug offenses "clearly improbable"). The gun was located within arm's length of the drugs and cash. Even if he used the gun for protection of the cattle proceeds, the proximity of the gun to items part and parcel of the offense creates a probability that the gun was also used in connection with the offense. Here, the government established that James Charles stipulated to possession of the firearms at a time and place he possessed controlled substances for distribution. He failed to establish that it was "clearly improbable" that the firearm was connected to the offense. Thus, we hold the district court properly enhanced James' sentence.
 
 
 12
 Beatrice's argument arises out of her failure to stipulate to the possession of the firearms. She contends that the presentation of a photograph by a prosecutor is not evidence; it is argument. Therefore, she maintains that the government did not establish her possession of the firearm. Accordingly, she concludes that her sentence may not be enhanced.
 
 
 13
 At sentencing, the court need not adhere to the rules of evidence applicable at trial, U.S.S.G. Sec. 6A1.3, provided the information has "sufficient indicia of reliability to support its probable accuracy." United States v. Silverman, 976 F.2d 1502, 1504 (6th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1595 (1993). Beatrice admitted that a photograph showing a firearm in a kitchen was in fact a photograph of her residence, thereby satisfying U.S.S.G. Sec. 6A1.3. Moreover, we attribute possession of a gun by one conspirator to another, provided the possession is reasonably foreseeable. United States v. Williams, 894 F.2d 208, 211 (6th Cir.1990); U.S.S.G. Sec. 1B1.3(a)(1)(B) (providing that in the case of joint criminal activity, the conduct for which the defendant would be otherwise accountable includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity....").
 
 
 14
 Accordingly, we AFFIRM.
 
 
 
 *
 The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation